IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL H. DAVIS,** | CV 04-1676-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **ODOC HEALTH CARE SERVICE at TRCI, RN C. DIETER, HSM H. VILLANUEAVA, HSM B. WHELAN, DOCTOR LYTEL,** | |
| Defendants. | |

**MICHAEL H. DAVIS**
SID# 12867566
SRCI
777 Stanton Blvd
Ontario, OR 97914

       Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**KATHRYN A. COTTRELL**
Assistant Attorney General
Department of Justice
1162 Court Street, NE
Salem, OR 97301
(503) 378-6313

    Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Unenumerated 12B Motion to Dismiss (#20). For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiff Michael Davis, an inmate at Snake River Correctional Institution (SRCI), brings this action alleging numerous violations of his Eighth Amendment right to adequate medical care while he was incarcerated at Two Rivers Correctional Institution (TRCI).

In his eight claims, Plaintiff alleges (1) on September 27, 2002, Defendant Dieter, a nurse at TRCI, administered an insulin shot to Plaintiff even though Plaintiff asked her not to do so (Claim I); (2) on October 22, 2002, and November 4, 2002, Defendant Dieter was uncivil when Plaintiff asked about his insulin shot and diet (Claims II and III); (3) on November 5, 2002, after asking Plaintiff why he was filing so many grievances, Corporal Tackitt suggested Plaintiff file fewer grievances (claim IV); (4) on November 11, 2002, while passing out dinner trays, Corporal Tackitt told the officer assisting him "that this special tray go[es] to Davis" (Claim V); (5) on November 21, 2002, Defendant Dieter and Sergeant Jorgenson were uncivil when Plaintiff requested more glucose tablets (Claim VI);

2 - OPINION AND ORDER

(6) on February 26, 2003, Nurse Short came to Plaintiff's cell to check his blood sugar, but Nurse Short forgot his insulin and told him he would have to wait until "med-line" to get his insulin (Claim VII); and (7) on May 27, 2003, even though Nurse Gruenwald found Plaintiff's blood sugar to be low, Nurse Gruenwald did not bring Plaintiff a snack to balance his blood sugar for over 20 minutes (Claim VIII).

Plaintiff signed his Complaint alleging violations of his Eighth Amendment rights on November 9, 2004, and filed his Complaint with this Court on November 16, 2004.

Defendants move to dismiss Plaintiff's Complaint on the basis of his failure to exhaust his administrative remedies. Although the Court advised Plaintiff by Order issued June 30, 2005, of the deadline to file a response to Defendants' Motion, Plaintiff failed to do so.

## **STANDARD**

On a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint are considered true and are construed in the plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 528 U.S. 1005 (1999). "The Court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint

whose authenticity no party questions." *Shwarz*, 234 F.3d at 435 (citations omitted). Thus, the court's reliance on judicially-noticed documents does not necessarily convert a motion to dismiss into a summary judgment motion. *Kottle v. N.W. Kidney Ctr.*, 146 F.3d 1056, 1064 n.7 (9th Cir. 1998), *cert. denied*, 525 U.S. 1140 (1999).

A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In civil rights cases involving a plaintiff proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998). *See also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623.

## DISCUSSION

### I. Plaintiff's Claims I-IV Are Barred by the Applicable Statute of Limitations.

The statute of limitations for § 1983 actions is determined by state law. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989), *cert. denied*, 498 U.S. 1082 (1991). Section 1983 actions are characterized as actions for personal injury for statute-of-limitations purposes. *Id.* In Oregon, the limitations period is two years from the date of injury. Or. Rev. Stat. § 12.110(1). *See also Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

Claims I-IV arise from events that occurred on November 5, 2002, or earlier, which is more than two years before the date Plaintiff signed or filed his Complaint. Accordingly, the Court finds Plaintiff's Claims I-IV are time-barred.

Although Plaintiff's Claim V arises from acts occurring on November 11, 2002, which is more than two years before the date Plaintiff filed his Complaint, Plaintiff actually signed the Complaint on November 9, 2004. Pursuant to the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to a court clerk. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000). *See also Houston v. Lack*, 487 U.S. 266 (1988).

Viewing the facts in the light most favorable to Plaintiff,

5 - OPINION AND ORDER

the Court finds it is possible Plaintiff delivered his Complaint to prison authorities on the same day that he signed the Complaint. Accordingly, the Court declines to dismiss Plaintiff's Claim V on statute-of-limitations grounds.

**II. Plaintiff's Claims V-VIII Are Barred by Plaintiff's Failure to Exhaust his Administrative Remedies.**

Defendants contend the Court should dismiss Plaintiff's Claims V-VIII because Plaintiff has not exhausted his administrative remedies. Defendants assert Plaintiff's Claims V-VIII, therefore, are barred by the Prisoner Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e.

In 1995, Congress amended § 1997e of the PLRA to provide "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The procedure established by the Bureau of Prisons for federal inmates to seek formal review of complaints relating to any aspect of their confinement is set forth in 28 C.F.R. §§ 542.10-542.16. These regulations direct the Oregon Department of Corrections (ODOC) to develop procedures for inmates to raise issues about conditions of confinement. In response, ODOC developed a detailed procedure by which inmates may seek resolution of complaints related to their confinement.

The ODOC procedure is set forth at Oregon Administrative

6 - OPINION AND ORDER

Rules 291-109-0100 through 291-109-0140. This procedure requires inmates to first communicate with "line staff" either face-to-face or in writing. If this does not resolve the problem, an inmate may file a grievance. If an inmate is not satisfied with the decision on his grievance, he may file an appeal with the Functional Unit Manager within fourteen days. If an inmate is dissatisfied with the decision of the Functional Unit Manager, he may appeal the decision to the Assistant Director. The administrative process is complete only after an inmate appeals the Functional Unit Manager's decision to the Assistant Director.

Here Plaintiff did not file any grievances as to the allegations in Claims V, VII, and VIII of his Complaint, which arise from events occurring on November 11, 2002; February 26, 2003; and May 27, 2003. The Court, therefore, finds Plaintiff did not exhaust the grievance process required by ODOC with respect to Claims V, VII, and VIII. Accordingly, the Court concludes these claims are barred by the PLRA.

As to Plaintiff's Claim VI arising from events that occurred on November 21, 2002, Plaintiff filed a grievance with Nurse Dieter and Sergeant Jorgenson. Defendant Whelen, Nurse Dieter's supervisor, responded to the grievance that Plaintiff submitted to Nurse Dieter. Sergeant Jorgenson responded to the grievance that Plaintiff submitted to him. Both Defendant Whelen and Sergeant Jorgenson explained to Plaintiff that he requested

7 - OPINION AND ORDER

glucose tablets in the wrong manner, and, in any event, Nurse Dieter provided Plaintiff with glucose tablets later in the day. Plaintiff did not appeal to the Functional Unit Manager or to the Assistant Director. The Court, therefore, finds Plaintiff did not exhaust his administrative remedies with respect to Claim VI and, accordingly, Plaintiff's Claim VI is barred by the PLRA.

Based on the foregoing, the Court grants Defendants' Motion to Dismiss. Although the Court recognizes it generally must give a *pro se* litigant leave to amend his complaint, the Court in this case finds it is "absolutely clear" the deficiencies of Plaintiff's Complaint cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#20) as follows:

1. **DISMISSES with prejudice** Plaintiff's Claims I-IV and
2. **DISMISSES without prejudice** Plaintiff's Claims V-VIII.

IT IS SO ORDERED.

DATED this 1st day of November, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Davis CV 04-1676 O&O.10-31-05.wpd

8 - OPINION AND ORDER